1  SEYFARTH SHAW LLP
   Pamela Q. Devata (to be admitted pro hac vice)
2  pdevata@seyfarth.com
   John W. Drury (to be admitted pro hac vice)
3  drury@seyfarth.com
   233 South Wacker Drive
4  Chicago, IL 60606
   Telephone:   (312) 460-5000
5  Facsimile:    (312) 460-7000

6  SEYFARTH SHAW LLP
   Eric Suits (SBN 232762)
7  esuits@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California 95814-4428
   Telephone:  (916) 448-0159
9  Facsimile:    (916) 558-4839

10 Attorneys for Defendants
   MARSHALLS OF CA, LLC; and THE TJX
11 COMPANIES, INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14
   VERONIKA GASOYAN, on behalf of         Case No.
15 herslef, all others similarly situated,
                                          (San Mateo Superior Court Case No. 20-
16              Plaintiff,                 CIV-00909)

17        v.                               **DEFENDANTS MARSHALLS OF
                                          CA, LLC AND THE TJX
18 MARSHALLS OF CA, LLC, a California      COMPANIES, INC.'S NOTICE OF
   Limited Liability Company; THE TJX      REMOVAL OF CIVIL ACTION TO
19 COMPANIES, INC., a Massachusetts        UNITED STATES DISTRICT COURT**
   corporation; and DOES 1 through 50,
20 inclusive,,                             **[28 U.S.C. §§ 1331, 1441, 1446]**

21              Defendants.

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF VERONIKA GASOYAN AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants MARSHALLS OF CA, LLC and THE TJX COMPANIES INC. (collectively "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, to effect the removal of the above-captioned action from the California Superior Court, County of San Mateo. The removal is proper for the following reasons:

**I.      TIMELINESS OF REMOVAL**

1.       On February 13, 2020, Plaintiff Veronika Gasoyan filed a purported class action Complaint in the Superior Court of the State of California for the County of San Mateo, entitled *Veronika Gasoyan v. Marshalls of CA, LLC, et al.* Case No. 20-CIV-00909 (the "Complaint).  True and accurate copies of all process, pleadings, and orders are attached hereto as Exhibit A.

2.       Defendants have not received any other pleadings or papers, other than the pleadings described as Exhibit A in this action prior to this Notice of Removal.

3.       The Complaint alleges one cause of action for Failure to Provide Proper Disclosure in Violation of the federal Fair Credit Reporting Act (15 U.S.C. §§ 1681b(b)(2)(A)).

4.       On February 14, 2020, Defendants received the Complaint and Summons.

5.       In accordance with 28 U.S.C § 1446(b), Defendants filed this Notice of Removal within thirty (30) days of the date on which the Complaint was served.

6.       Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Mateo.

**II.     VENUE**

7.       Venue is proper in this district under 28 U.S.C. § 1441(a) because this District and division embrace the place where the action was filed.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
62421764v.2

1

### III.    JURISDICTION BASED ON FEDERAL QUESTION

2

3

8.      Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

4

5

6

7

9.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action because it asserts a claim under federal law.  In her Complaint, Plaintiff alleges one cause of action for an alleged violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3).  (Compl. ¶¶ 25-38.)  No other claims are asserted.

8

9

10

10.     Because Plaintiff asserts a claim under federal law, this Court has original federal question jurisdiction over Plaintiff's action.  Accordingly, removal of Plaintiff's Complaint is proper pursuant to 28 U.S.C. § 1331.

11

12

### IV.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

13

14

15

16

11.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Mateo.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

17

### V.     RESERVATION OF RIGHTS

18

19

12.     By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action.

20

### VI.    PRAYER FOR REMOVAL

21

22

23

13.     WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California.

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

62421764v.2

1 DATED: March 16, 2020                    Respectfully submitted,

2                                          SEYFARTH SHAW LLP

3

4                                          By: */s/ Eric E. Suits*

5                                              Pamela Q. Devata
                                               John W. Drury
6                                              Eric E. Suits
                                               Attorneys for Defendants
7                                              MARSHALLS OF CA, LLC; and THE TJX
                                               COMPANIES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
   william@setarehlaw.com
3  Alexandra R. McIntosh (SBN 320904)
   alex@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   VERONIKA GASOYAN
8

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON   2/13/2020
By   /s/ Una Finau
   Deputy Clerk

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF SAN MATEO

11           UNLIMITED JURISDICTION

12

13  VERONIKA GASOYAN, on behalf of
   herself, all others similarly situated,
14

   Case No. 20-CIV-00909

15        *Plaintiff,*

   **COMPLAINT**

16     vs.

   Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair
   Credit Reporting Act)

17  MARSHALLS OF CA, LLC, a California
   Limited Liability Company; THE TJX
18  COMPANIES, INC., a Massachusetts
   corporation; and DOES 1 through 50,

   **DEMAND FOR JURY TRIAL**

19  inclusive,

20        *Defendants.*

21

22

23

24

25

26

27

28

COMPLAINT

1      COMES NOW, Plaintiff VERONIKA GASOYAN (hereafter "Plaintiff"), on behalf of herself

2 and all others similarly situated, complains and alleges as follows:

3                                        **INTRODUCTION**

4      1.      Plaintiff brings this class action against defendant MARSHALLS OF CA, LLC, THE

5 TJX COMPANIES, INC., and DOES 1 through 50, inclusively (collectively referred to as

6 "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et*

7 *seq.*

8      2.      Plaintiff alleges that Defendants routinely acquire consumer reports  to conduct

9 background checks on Plaintiff and other prospective, current and former employees and use

10 information from consumer reports in connection with their hiring process without providing proper

11 disclosures and obtaining proper authorization in compliance with the law.

12      3.      Plaintiff, individually and on behalf of all others similarly situated current, former, and

13 prospective employees, seeks statutory damages due to Defendants' systematic and willful violations of

14 the FCRA.

15                           **JURISDICTION AND VENUE**

16      4.      This Court has subject matter jurisdiction to hear this case because the monetary

17 damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction

18 of the Superior Court of the State of California.

19      5.      Venue is proper in the County of San Mateo pursuant to Code of Civil Procedure

20 sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that

21 are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains

22 offices, transacts business and/or has an agent therein.

23                                       **PARTIES**

24      6.      Plaintiff was employed by Defendant in the State of California.

25      7.      Defendant MARSHALLS OF CA, LLC is a California Limited Liability Company and

26 does business in the State of California.

27      8.      Defendant THE TJX COMPANIES, INC., is a Massachusetts corporation and does

28 business in the State of California

9.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

12.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among many persons who comprise the classes defined below.

13.    **Class Definitions**: The classes are defined as follows:

(a)    **FCRA Class**:  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for whom a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

14.    **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or modify the class definitions by further division into subclasses and/or by limitation to particular issues and/or to exclude improper constituents as may subsequently prove necessary.

15.    **Numerosity**: The class members are so numerous that the individual joinder of each

1  individual class member is impractical. While Plaintiff does not currently know the exact number of

2  class members, Plaintiff is informed and believes that the actual number exceeds the minimum required

3  for numerosity under federal law.

4          16.    **Commonality and Predominance:** Common questions of law and fact exist as to all

5  class members and predominate over any questions which affect only individual class members. These

6  questions include, but are not limited to:

7                  (a)    Whether Defendants willfully failed to provide the class with clear and

8                         conspicuous, stand-alone written disclosures before obtaining a background

9                         report in compliance with the statutory mandates;

10                 (b)    Whether Defendants willfully failed to identify the name, address, telephone

11                        number, and/or website of the consumer reporting agency conducting the

12                        investigation;

13                 (c)    Whether Defendants willfully failed to identify the source of the consumer report

14                        to be performed; and

15                 (d)    Whether Defendants willfully failed to comply with the FCRA.

16         17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is

17  informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy

18  which resulted in Defendants failing to comply with the FCRA as alleged herein.

19         18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that

20  she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class

21  members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.

22  Plaintiff will fairly and adequately represent and protect the interests of class members.

23         19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they

24  have no known conflicts of interest with Plaintiff or absent class members, are experienced in class

25  action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent

26  class members.

27         20.    **Superiority:** A class action is vastly superior to other available means for fair and

28  efficient adjudication of class members' claims and would be beneficial to the parties and the Court.

1   Class action treatment will allow a number of similarly situated persons to simultaneously and

2   efficiently prosecute their common claims in a single forum without the unnecessary duplication of

3   effort and expense that numerous individual actions would entail. In addition, the monetary amounts due

4   to many individual class members are likely to be relatively small and would thus make it difficult, if

5   not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will

6   serve an important public interest by permitting class members to effectively pursue the recovery of

7   monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory

8   judgments inherent in individual litigation.

9                   **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10          21.     When Plaintiff applied for employment with Defendant, Defendants provided a

11  disclosure and authorization form to perform a background investigation.

12          22.     The disclosures provided by Defendants contained extraneous and superfluous language

13  that does not consist solely of the disclosure as required by the FCRA and/or is not clear and

14  conspicuous.

15          23.     In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of

16  Defendant's disclosure documents contain extraneous information that violates the "solely" requirement

17  of the FCRA:

18                  1.  Defendants disclosures include language stating, "These reports may contain

19                      information regarding your credit history, criminal history, social security

20                      verification, motor vehicle records, certification of your education or employment

21                      history, or **other background checks.**"

22                      a.  This language is extraneous and noncompliant with FCRA disclosure

23                          requirements.  Specifically, the disclosure purports to authorize "other

24                          background checks" but does not identify what such background checks

25                          could entail.  This serves to make the disclosure unclear as to what the

26                          background check will be investigating and confuses applicants as to what

27                          exactly they are authorizing.

28                  2.  Defendants disclosures include language stating that "The scope of this notice and

                                                        4

authorization is all-encompassing, however, allowing the company to obtain from any outside organization all manner of consumer reports now and throughout the course of your employment to the extent permitted by law."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, the disclosure seeks to state that the authorization not only applies to present consumer reports, but any consumer report the company wishes to obtain on applicants in any manner they see fit and at any time during the applicant's employment without actually notifying the applicant of the disclosure. This serves to make the disclosure unclear, confusing, and unlawful insofar as it purports to grant some sort of blanket authorization to investigate applicants in manners not specified in the disclosure and at any point in the future.

3. Defendants disclosures include language stating that applicants may be subject to a consumer report which "may include information about your character, general reputation, personal characteristics, and/or mode of living."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, the disclosure uses ambiguous and unclear terms to define the scope of what will be investigated in the consumer report in a manner that only serves to confuse applicants about what information will be obtained about them and what methods will be used to obtain such information.

4. Defendants disclosure includes language tantamount to a liability release which states that by signing the documents that applicants, "certify that they have read and understand both of these documents."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. By stating that an applicant signing off on the disclosure means that they understand the documents, Defendants seek to release themselves of all further liability by forcing clients to sign a documents

indicating that they "understand" the document. Such a clause is essentially a liability release and does not take into account the unclear nature of the documents that would make it impossible for the lay person to understand exactly what they were signing off on.

5. Defendants disclosure includes language under the heading "New York applicants or employees only:"

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. The rights of applicants in New York have no bearing on the rights of California applicants. The inclusion of this section only serves to confuse applicants as to what their rights are in signing the documents.

6. Defendants disclosure includes language under the heading "Minnesota and Oklahoma applicants or employees only."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. The rights of applicants in Minnesota and Oklahoma have no bearing on the rights of applicants in California. The inclusion of this section only serves to confuse applicants as to what their rights are in signing the documents.

24. The inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). More specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure includes multi-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses and the disclosure is full of vague and ambiguous terms that make it impossible for the lay person to understand the scope and nature of the investigation being conducted. The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by multiple, irrelevant state law references, confusing and contradictory rights summaries, and acknowledgement of receipt of separate documents, and impermissible references to side documents containing information not set forth in the attempted disclosure.

**FIRST CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(By Plaintiff and the FCRA Class Against All Defendants)**

25.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

26.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

27.    Plaintiff and **FCRA Class** members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

28.    Section 1681a(d)(1) of the FCRA defines "consumer report" as

any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

As defined, a credit and background report qualifies as a consumer report.

29.    Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

30.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

31.    As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and

background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

32.     The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and conspicuous disclosures in a stand-alone document.

33.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

34.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

        (a)     DEFENDANTS are a large entity with access to legal advice;

        (b)     DEFENDANTS required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences DEFENDANTS' awareness of and willful failure to follow the governing laws concerning such authorizations;

        (c)     The plain language of the statute unambiguously indicates that inclusion of a

liability release and other extraneous information in a disclosure form violates
the disclosure and authorization requirements; and

(d)    The FTC's express statements, pre-dating DEFENDANTS' conduct, which state
that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability
waiver in the FCRA disclosure form.

36.    Defendants required a liability release, in the portion of the disclosure form appended to the application along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

37.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

38.    Plaintiff, on behalf of herself and all **FCRA Class** members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Statutory penalties;

E.  Costs of suit;

F.  Interest;

G.  Reasonable attorneys' fees; and

H.  Such other relief as the Court deems just and proper or as authorize by statute.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of Plaintiff and all others similarly situated, hereby demands a jury trial on all issues so triable.

1    DATED:  February 12, 2020                    SETAREH LAW GROUP

2

3

4                                                 SHAUN SETAREH
                                                  WILLIAM PAO
5                                                 ALEXANDRA MCINTOSH
                                                  Attorneys for Plaintiff
6                                                 VERONIKA GASOYAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN #204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO: (310) 888-7771    FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name)*: VERONIKA GASOYAN | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **2/13/2020**<br>By    **/s/ Una Finau**<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo |
|---|
| STREET ADDRESS: 400 County Center |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Redwood City 94063 |
| BRANCH NAME: Hall of Justice and Records |

| CASE NAME:<br>GASOYAN v. MARSHALLS OF CA, LLC., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **20-CIV-00909** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: One(1)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 12, 2020

Shaun Setareh
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>MARSHALLS OF CA, LLC, a California Limited Liability Company;<br>THE TJX COMPANIES, INC., a Massachusetts corporation; and DOES<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>VERONIKA GASOYAN, on behalf of herself, all others similarly<br>situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON     **2/13/2020**<br>By     **/s/ Una Finau**<br>       **Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Hall of Justice and Records<br>400 County Center, Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso)* **20-CIV-00909** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212 (310)888-7771

| DATE:<br>*(Fecha)* **2/13/2020** | **Neal I. Taniguchi** Clerk, by<br>*(Secretario)* | **/s/ Unaloto Finau** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GASOYAN v. MARSHALLS OF CA, LLC., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

1 through 50, inclusive,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**

FEB 1 3 2020

Clerk of the Superior Court

By _____
DEPUTY CLERK

PLAINTIFF: **VERONIKA GASOYAN**

DEFENDANT: **MARSHALLS OF CA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; THE TJX COMPANIES, INC., A MASSACHUSETTS CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**20-CIV-00909**

This case has been filed by Plaintiff(s) as a putative class action. By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2,** located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **6/29/2020 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 2/13/2020                                   Neal I Taniguchi, Court Executive Officer/Clerk


**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 2/13/2020                      By: _____
                                          Unaloto Finau, Courtroom Clerk


20−CIV−00909
CACN
Class Action Complex Notice
2243697



## CLERK'S CERTIFICATE OF MAILING

**CASE NUMBER:  20-CIV=00909 – GASOYAN vs. MARSHALLS OF CA, LLC, ETAL**

I hereby certify that I am the Clerk of this Court, not a party to this cause; that I served the within

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

on the below date by placing a copy thereof in separate sealed envelopes addressed to:

at the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States mail at Redwood City, California 94063.

SHAUN SETAREH
SETAREH LAW GROUP
315 SOUTH BEVERLY DRIVE, SUITE 315
BEVERLY HILLS, CA 90212

Neal I. Taniguchi
Court Executive Officer

DATED:  02/13/2020

By _____
Unaloto Finau,  Deputy Clerk



FILED
SAN MATEO COUNTY
FEB 2 5 2020
Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

COMPLEX CIVIL LITIGATION

| | |
|---|---|
| VERONIKA GASOYAN, on behalf of herself and all others similarly situated, | Case No. 20CIV00909 |
| | CLASS ACTION |
| Plaintiffs, | |
| | Assigned for All Purposes to |
| vs. | Hon. Marie S. Weiner, Dept. 2 |
| | **CASE MANAGEMENT ORDER #1** |
| MARSHALLS OF CA LLC, a California Limited Liability Company; THE TJX COMPANIES, INC., a Massachusetts Corporation; and Does 1 through 50, inclusive, | |
| Defendants. | |



20 – CIV – 00909
CMO
Case Management Order
2261009

Pursuant to the Notice of Assignment for All Purposes, Designation as Complex

Case, Setting of Case Management Conference, and Complex Fees due filed February 13,

2020, designating this putative class action case as a complex action, and single assigning

to the Honorable Marie S. Weiner in Department 2 of this Court,

IT IS HEREBY ORDERED as follows:

1.      All pleadings, motions, applications, briefs, and any and all other papers in

this case shall be filed with (and related filing fees paid to) the Civil Clerk's Office

located in the Hall of Justice, First Floor, Room A, 400 County Center, Redwood City, California. **One extra copy of any such filing shall be (1) electronically served upon Department 2 at email address <u>complexcivil@sanmateocourt.org</u> or** (2) stamped "Judge's Copy" and *delivered by overnight or first class mail directly to Department 2* located at Courtroom 2E, 400 County Center, Redwood City, California 94063. DO NOT LEAVE THE JUDGE'S COPY WITH THE CLERK'S OFFICE. PLEASE ADD DEPARTMENT 2 TO YOUR **E-SERVICE OR** MAILING SERVICE LIST IN THE CASE AS TO ANY AND ALL PAPERS FILED WITH THE COURT. All motions and briefs shall conform with the California Rules of Court, especially Rule 3.1113, and indicate on the caption page that this matter is assigned for all purposes to Department 2. DO NOT FAX COPIES OR CORRESPONDENCE TO DEPARTMENT 2, AS THERE IS NO DEDICATED FAX LINE FOR THE CIVIL COMPLEX DEPARTMENT.

2.      As to any and all motions or other matters requiring a hearing, the hearing date shall be obtained *directly* from and approved by Department 2 at **(650) 261-5102** (and *not* with the Civil Clerk's Office nor with the Research Attorney), ***prior*** to filing of the moving papers or other initial filings.

3.      Pursuant to Section 1010.6(b) of the Code of Civil Procedure, Rule 2.253(a) of the California Rules of Court, and San Mateo County Superior Court Local Rule 2.1.5, all documents in Complex Civil actions (other than the original documents specified below) may be filed electronically. The document (other than exhibits) must be text searchable. Please visit <u>www.sanmateocourt.org</u> for further information on e-filing. **Please note that exhibits to any electronically filed briefs, declarations or other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4)**

4.    Until further order of the Court, the following original documents must still be filed/lodged in hardcopy paper:

Ex Parte Motions and Oppositions thereto

Stipulation and Proposed Order

Proposed Judgments

Abstract of Judgment

Appeal Documents, including Notice of Appeal

Administrative Records

5.    Proposed Orders should be e-filed with the motion or stipulation to which it relates in conformity with CRC Rule 3.1312(c).  You must also email an editable version of the Proposed Order in Word format (not PDF) to complexcivil@sanmateocourt.org so that the judge can modify it prior to signing, if needed.

6.    Correspondence to Department 2, such as discovery letter briefs, requests to take matters off calendar, and requests for rescheduling, regarding actions assigned to the Complex Civil Department may be submitted electronically, rather than paper, by e-mail addressed to complexcivil@sanmateocourt.org  **All e-correspondence must be sent in at least 12 point type.**  This email address is for the Complex Civil Litigation Department to *receive* correspondence, and is not a venue for back-and-forth communications with the judge.  Communications to this email address are *not* part of the official court files – just like a paper letter, they are not "filed" documents – and will be retained for at least 30 days and then be subject to deletion (destruction) thereafter.

3

7.      All communications to the complexcivil@sanmateocourt.org email address MUST include in the header "subject line" the **Case Number and Name of Case** (e.g., CIV 654321 *Smith v. Jones*).

8.      *Ex parte* applications in this matter shall heard by Department 2, **on Tuesdays and Thursday between 2:00 p.m. and 3:30 p.m.**, and the parties are required to meet the requirements of CRC Rule 3.120 *et seq.*.  With the consent of counsel for *all* parties, telephone conferences on *simple* interim case management matters may be scheduled with the Court for a mutually convenient time and date – with the scheduling and logistics of such telephone conferences to be the responsibility of the requesting party/parties.

9.      As to any discovery motions, the parties are relieved of the statutory obligation under CRC Rule 3.1345, and thus need *not* file a separate statement – instead the subject discovery requests (or deposition questions) and written responses (or deposition answers or objections) must be attached to the supporting declaration on the discovery motion.

10.      Given the nature of this case, the Court views document production and depositions as the most effective means of discovery for adjudication.  Accordingly, no party may propound more than 35 special interrogatories *total* and no party may propound more than 35 requests for admissions (other than as to the authenticity of documents) *total*, without prior court order after demonstration of need and a showing that other means of discovery would be less efficient.

11.      In regard to all discovery disputes, counsel for the parties (and any involved third parties) shall meet and confer on any and all discovery disputes and, if there are remaining disputes, then counsel for each side shall serve on each other and

4

mail/deliver *directly* to Department 2 a short letter brief setting forth the dispute and attaching as *tabbed* exhibits to the letter the subject discovery requests and discovery responses (if any). **The discovery letter brief may instead be electronically delivered to Department 2 via email address complexcivil@sanmateocourt.org.** At the time or prior to submitting the letter briefs, counsel for the parties shall also schedule a discovery conference with the Court to occur no sooner than five court days after *delivery* of the last letter brief to the Court, in order to discuss the dispute. THE DISCOVERY DISPUTE LETTER BRIEFS AND THE DISCOVERY CONFERENCE SHALL BE DONE *WELL PRIOR TO* THE STATUTORY DEADLINES FOR FILING OF ANY MOTION TO COMPEL OR OTHER DISCOVERY MOTION. No discovery motion may be filed by any party unless and until there is compliance with the requirement of this Order, i.e., (i) substantive meet and confer, (ii) exchange of letter briefs, and (iii) discovery conference with the Court. This requirement does *not* constitute an extension of time for any statutory time period for filing and serving any motion under the Civil Discovery Act.

12. Pursuant to CRC Rule 3.1113(i), the Complex Civil Department, Dept. 2, **does not require any appendix of non-California authorities, unless specifically stated by the Court as to a particular motion.**

13. The initial Case Management Conference set for June 29, 2020 is VACATED. The initial Case Management Conference is set for **Friday, April 24, 2020 at 10:00 a.m.** in Department 2 of this Court, located at Courtroom 2E, 400 County Center, Redwood City, California. Counsel for all parties shall meet and confer on all matters set forth in California Rules of Court Rule 3.750 and Rule 3.724(8).

14. In anticipation of the Case Management Conference, counsel for the parties should be prepared to discuss at the hearing *and* file written case management

conference statements (**in prose and details, *not* using the standardized Judicial Council form**) with a courtesy copy delivered *directly* to Department 2 on or before **April 17, 2020**, as to the following:

    a.     Status of Pleadings and Service of Process;

    b.     Status of Discovery, including the initial production of documents by all parties;

    c.     Status of Settlement or Mediation;

    d.     Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);

    e.     Any anticipated motions and proposed briefing schedule;

    f.     Setting of next CMC date; and

    g.     Any other matters for which the parties seek Court ruling or scheduling.

15.    Discovery is not stayed.

16.    **PLAINTIFF SHALL PROMPTLY SERVE THIS CMC ORDER #1 UPON ALL DEFENDANTS OR UPON KNOWN COUNSEL FOR DEFENDANTS, and promptly file proof of service.**

DATED:     February 25, 2020

                                   HON. MARIÉ S. WEINER
                                   JUDGE OF THE SUPERIOR COURT

SERVICE LIST
*Gasoyan v. Marshalls of CA,* Class Action 20CIV00909
As of February 2020

Attorneys for Plaintiff and the putative class:

SHAUN SETAREH
WILLIAM PAO
ALEXANDRA McINTOSH
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, CA  90212
(310) 888-7771



**FILED**
SAN MATEO COUNTY

FEB 2 5 2020

Clerk of the Superior Court
By _____
DEPUTY CLERK

### AFFIDAVIT OF MAILING

**CASE NUMBER: 20CIV909**

**VERONIKA GASOYAN vs. MARSHALLS OF CA LLC, et al**

**DOCUMENT: CASE MANAGEMENT ORDER #1**

I declare, under penalty of perjury, that on the following date I deposited in the United State Post Office Mail Box at Redwood City, California a true copy of the foregoing document, enclosed in an envelope, with the proper and necessary postage prepaid thereon, and addressed to the following:

SHAUN SETAREH
WILLIAM PAO
ALEXANDER McINTOSH
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212

**Executed on: February 25, 2020
at Redwood City, California**

**NEIL TANIGUCHI
CLERK OF THE SUPERIOR COURT**

By: _Maragoulas_

**Terri Maragoulas
Deputy Clerk**

20 — CIV — 00909
AFM
Affidavit of Mailing
2261014

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>315 S. Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771    FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):* shaun@setarehlaw.com<br>ATTORNEY FOR *(Name):* Veronika Gasoyan | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **3/5/2020**<br>By ____**/s/ Wai Shan Lee**____<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: Veronika Gasoyan
DEFENDANT/RESPONDENT: Marshalls of CA, LLC

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>20-civ-00909 |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded was<br>$25,000 or less) | |

TO ALL PARTIES :

1. A judgment, decree, or order was entered in this action on *(date):* 02/13/2020

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 03/05/2020

William Pao
_____
(TYPE OR PRINT NAME OF   ☑ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

▶

_____
(SIGNATURE)

Page 1 of 2

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: Veronika Gasoyan | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Marshalls of CA, LLC | 20-civ-00909 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):* 315 S. Beverly Drive, Suite 315, Beverly Hills, CA 90212

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☑ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* 03/05/2020
   b. from *(city and state):* Beverly Hills, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Marshalls of CA, LLC
      Street address: 28 Liberty Street
      City: New York
      State and zip code: NY 10005

   b. Name of person served:
      The TJX Companies, Inc.
      Street address: 155 Federal Street, Suite 700
      City: Boston
      State and zip code: MA 02110

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 1 .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/05/2020

Lauren Farrington
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(signature)_
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]        **NOTICE OF ENTRY OF JUDGMENT OR ORDER**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

FOR COURT USE ONLY

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB 1 3 2020

Clerk of the Superior Court

By: **UNA FINAU**
DEPUTY CLERK

PLAINTIFF: **VERONIKA GASOYAN**

DEFENDANT: **MARSHALLS OF CA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; THE TJX COMPANIES, INC., A MASSACHUSETTS CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**20-CIV-00909**

This case has been filed by Plaintiff(s) as a putative class action. By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2**, located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **6/29/2020 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 2/13/2020                              Neal I Taniguchi, Court Executive Officer/Clerk

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 2/13/2020                    By: _____
                                          Unaloto Finau, Courtroom Clerk